**Writ of Mandamus is Conditionally Granted; Opinion Filed November 21, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01354-CV

## IN RE BENICA BROWN, INDIVIDUALLY AND D/B/A CONNECTION IT SERVICES, Relators

On Appeal from the 298th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-13-02375-M

### OPINION
Before Justices Moseley, Bridges, and Lewis
Opinion by Justice Moseley

Relator Benica Brown was sued by her former employer, real party in interest Digital Intelligence Systems, LLC (DISYS). She moved to dismiss based on a forum-selection clause in their employment agreement—an agreement DISYS drafted and required Brown to sign. After the trial court denied her motion, she filed this petition for writ of mandamus. We conclude the trial court abused its discretion by refusing to enforce the forum-selection clause and Brown has no adequate remedy by appeal. We therefore conditionally grant the writ of mandamus.

Brown was previously employed by DISYS in its Dallas office. At the start of her employment, Brown signed an employment agreement. The agreement contained a forum-selection clause specifying Virginia as the exclusive forum for the resolution of any disputes

concerning the agreement or Brown's employment.[1]

Despite the express language of the employment agreement, DISYS sued Brown in Dallas County for breach of contract, fraud and fraudulent inducement, misappropriation of trade secrets, conversion, and tortious interference with existing and prospective contracts. DISYS also sought a temporary restraining order and temporary injunction.

Based on the forum-selection clause, Brown moved to dismiss all of DISYS's claims against her. DISYS opposed the motion and sought to avoid enforcement of the forum-selection clause it drafted. In support of its position, DISYS argued Texas law prohibits parties from contracting away mandatory venue, it would be inconvenient for all the parties and witnesses if the case were transferred to Virginia, and enforcing the forum selection clause would be void as against public policy. The trial court denied Brown's motion to dismiss. This mandamus proceeding followed.

The Texas Supreme Court has consistently granted petitions for writ of mandamus to enforce forum-selection clauses because a trial court that improperly refuses to enforce such a clause has clearly abused its discretion. *In re ADM Investor Servs., Inc.,* 304 S.W.3d 371, 374 (Tex. 2010) (orig. proceeding) (citing *In re AIU Ins. Co.,* 148 S.W.3d 109, 114–15 (Tex. 2004) (orig. proceeding)); *see In re Lisa Laser USA, Inc.,* 310 S.W.3d 880, 883 (Tex. 2010) (orig. proceeding) ("A trial court abuses its discretion when it fails to properly interpret or apply a

---

[1] The forum-selection clause reads as follows:

> Choice of Law/Jurisdiction. Employee acknowledges that this Agreement was made by the Parties in the Commonwealth of Virginia and shall be governed, construed and enforced in accordance with the laws of the Commonwealth of Virginia (without regard to its conflict of law principles). Employee acknowledges that the state and federal courts of the Commonwealth of Virginia shall be the exclusive forum for the resolution of any disputes concerning this Agreement or concerning Employee's employment with the Company, and that Employee agrees to submit to the jurisdiction of those courts, waiving the defenses of lack of personal jurisdiction or inconvenient forum.

forum-selection clause.") (citing *In re Laibe Corp.,* 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding)).

Further, an appellate remedy is inadequate when a trial court improperly refuses to enforce a forum-selection clause because allowing the trial to go forward will "vitiate and render illusory the subject matter of an appeal," that is, trial in the proper forum. *In re AIU Ins. Co.,* 148 S.W.3d at 115 (quoting *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex. 1992)); *accord In re Laibe Corp.,* 307 S.W.3d at 316.

A trial court abuses its discretion by refusing to enforce a forum-selection clause unless the party opposing enforcement clearly shows: (1) enforcement would be unreasonable or unjust; (2) the clause is invalid for reasons of fraud or overreaching; (3) enforcement would contravene a strong public policy of the forum where the suit was brought; or (4) the selected forum would be seriously inconvenient for trial. *In re Laibe Corp.,* 307 S.W.3d at 316; *In re ADM Investor Servs.,* 304 S.W.3d at 375. The burden of proof is heavy for the party challenging enforcement. *In re Laibe Corp.,* 307 S.W.3d at 316. Further, if the inconvenience of litigating in the chosen forum is foreseeable at the time the contract is entered into, the party seeking to avoid the forum selection clause must "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *In re AIU Ins. Co.*, 148 S.W.3d at 113 (quoting *M.S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18, 92 S.Ct. 1907 (1972)).

We see nothing in the record that would permit a finding that requiring DISYS to comply with the forum-selection clause it drafted would be unreasonable or unjust, or that the clause it drafted is now invalid for reasons of fraud or overreaching. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 678 (Tex. 2009) (orig. proceeding) (claims of "overreaching" analyzed in the

context of whether the contract results in unfair surprise or oppression to the party alleging overreaching).

DISYS also argues the forum-selection clause should not be enforced because Virginia would be an inconvenient forum for trial. Brown is not complaining of the inconvenience of litigating there. (Indeed, the forum-selection clause waives Brown's "defenses of lack of personal jurisdiction or inconvenient forum.") And there is information in the record that DISYS has an office in Virginia. Moreover, "[b]y entering into an agreement with a forum-selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for cost or other reasons." *In re Lyon Fin. Servs., Inc.,* 257 S.W.3d 228, 234 (Tex. 2008) (orig. proceeding).

DISYS certainly could have foreseen that it would be required to litigate against Brown in Virginia, especially given that it drafted the employment agreement containing that requirement and required Brown to sign it. There is nothing in the record indicating that any of the inconvenience now complained of was not readily apparent to DISYS at the time of contracting, and nothing that would support a finding that a trial in Virginia "will be so gravely difficult and inconvenient" that DISYS will "for all practical purposes be deprived of [its] day in court." *See In re AIU Ins. Co.*, 148 S.W.3d at 113.

As to whether enforcing the forum-selection clause would violate Texas public policy, DISYS argues it violates a mandatory venue statute applicable to injunctions against individuals. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 65.023 (West 2008) (requiring a writ of injunction to be in the county in which the defendant is domiciled). However, forum and venue have distinct legal meanings. A forum-selection agreement is one that chooses another state or sovereign as the location for trial, whereas a venue-selection agreement chooses a particular county or court within that state or sovereign. *See Ramsay v. Tex. Trading Co., Inc.*, 254 S.W.3d 620, 627 (Tex.

App.—Texarkana 2008, pet. denied) (quoting *In re Great Lakes Dredge & Dock Co., L.L.C.,* 251 S.W.3d 68, 74–75 (Tex. App.—Corpus Christi 2008, orig. proceeding)). Here, it is undisputed that the employment agreement contains a forum-selection clause specifying Virginia as the forum for any disputes. Thus, because Texas is not the proper forum for the dispute, its mandatory venue statute is never triggered. *See id.*

DISYS also argues the forum-selection clause is void as against public policy because forcing the witnesses, Brown, and employees of DISYS—all of whom it claims reside in Texas—to travel to Virginia for trial would be unreasonable and the public's interest favors jurisdiction in Texas. Brown is not complaining of litigating in Virginia. DISYS has an office in Virginia, and any of its employee witnesses are under its control. Depositions may be had of any witnesses not subject to attending the trial. And DISYS could have foreseen litigation in Virginia for claims arising out of its employment agreement with Brown. Lastly, Virginia is not a remote alien forum for purposes of forum-selection agreements. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 679 (Tex. 2009) (orig. proceeding). DISYS has not demonstrated that the interests of witnesses residing in Texas should override the parties' choice of forum in which it would resolve disputes with Brown. *See id.*

In its response to Brown's petition for writ of mandamus, DISYS also claims the forum-selection clause does not apply because it asserted a cause of action for fraudulent inducement based on based on Brown's "misrepresentations in inducing DISYS to enter into" the employment agreement and its claim does not involve the employment agreement's terms or construction. "[F]raudulent inducement to sign an agreement containing a dispute resolution agreement such as an arbitration clause or forum-selection clause will not bar enforcement of the clause unless the specific clause was the product of fraud or coercion." *In re Lyon*, 257 S.W.3d at 232; *see also In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 134 (Tex. 2004) (orig.

proceeding) ("Any provision relating to resolution of future disputes, included as part of a larger agreement, would rarely be enforced if the provision could be avoided by a general allegation of fraud directed at the entire agreement").  DISYS drafted the employment agreement that contained the forum-selection clause and DISYS does not allege the specific forum-selection clause itself was the product of fraud or coercion.  Thus, the forum-selection clause applies to claims for fraudulent inducement as well as breach of contract.

We conclude the record does not support any of the exceptions to the policy of enforcing forum-selection clauses.  *See In re Laibe Corp.,* 307 S.W.3d at 316; *In re ADM Investor Servs.,* 304 S.W.3d at 375.  Therefore, the trial court abused its discretion by refusing to enforce the forum-selection clause.  Because the forum-selection clause clearly and unambiguously requires suits concerning the agreement to be brought in Virginia, the trial court abused its discretion by denying Brown's motion to dismiss.  Accordingly, we conditionally grant the petition for writ of mandamus and order the trial court to: (1) vacate its orders denying Brown's motion to dismiss and (2) to sign an order granting Brown's motion to dismiss.  The writ will issue only in the event the trial court fails to do so.

/Jim Moseley/
JIM MOSELEY
JUSTICE

131354F.P05