

NUMBER 13-17-00489-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MISSION CONSOLIDATED
INDEPENDENT SCHOOL DISTRICT,                                              Appellant,

v.

ERO INTERNATIONAL, LLP,                                              Appellee.

On appeal from the County Court at Law No. 6
of Hidalgo County, Texas.

# OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Opinion by Justice Longoria**

Appellee ERO International, LLP (ERO) filed suit to recover the amount it was due

under the contract it had with appellant Mission Consolidated Independent School District

(MCISD).  On appeal, MCISD asserts that the trial court erred by denying its plea to the

jurisdiction because ERO did not plead facts showing that it complied with the contractual adjudication procedures of the contract. We reverse and render.

## I. BACKGROUND

The underlying facts are largely uncontested. In April of 2013, ERO and MCISD entered into an agreement under which ERO agreed to provide design and construction administration services for use in the renovation of Mission High School. After the parties had already entered into the agreement, disputes arose concerning the price of project. In the agreement, the parties had set a budget for the project at $18,000,000. However, ERO informed MCISD that the facility it had already begun designing had an estimated cost of $33,218,000. The contract allowed MCISD to terminate the contract at any time and for any reason. On August 16, 2014, MCISD terminated the contract with ERO. The last invoice ERO sent to MCISD was on October 13, 2014; MCISD did not pay ERO the amount listed as due in the October invoice.

ERO filed its first administrative complaint against MCISD for the amount it was allegedly due under the contract on November 10, 2015. On December 14, 2015, MCISD sent a letter to ERO denying the administrative complaint. As justification for the denial, MCISD cited to CJ(LOCAL), which is MCISD's Board Policy. ERO does not dispute that CJ(LOCAL) was incorporated by reference into the contract. The letter stated, in part:

> The contractual adjudication provisions of CJ(LOCAL) require that complaints must be filed within 90 calendar days from the date the grievant first knew, or with reasonable diligence should have known, of the decision or action giving rise to the complaint or grievance.
>
> According to Exhibit S of ERO's grievance, ERO submitted an invoice to Mission CISD for all services it performed on the project "through the date of Board action to terminate [ERO's] services." ERO cites its contract with the District, stating that under the contract, all payments were to have been made to ERO within 30 days of the date they were submitted to Mission

2

CISD. The date of the invoice was October 13, 2014. The due date was, by ERO's calculation, November 12, 2014. ERO did not receive payment on that date. Therefore, under Board policy CJ(LOCAL), ERO was to have filed a complaint under Board policy CJ(LOCAL) within 90 days of that date. ERO's complaint was filed more than 360 days after the date ERO knew, or should have known, of its dispute with Mission CISD.

ERO failed to comply with the contractual adjudication procedures contained in the contract. Board policy CJ(LOCAL) states, "Complaints that are not filed in accordance with the time lines shall be dismissed. No administrator shall have the authority to extend a deadline for filing a complaint."

ERO's Complaint is therefore dismissed for failure to comply with contractual adjudication procedures.

. . .

ERO Construction requests as relief the payment of $284,465.88 dollars. This relief is DENIED.

If you did not receive the relief requested, you may appeal it to Level 1 by filing a written request in accordance with Board policy.

On December 18, 2015, ERO responded by "requesting that this decision be appealed to Level 2 grievance." ERO's Level 2 grievance was never heard.

ERO then filed suit against MCISD. MCISD filed a plea to the jurisdiction, arguing that its immunity to suit was not waived. On June 29, 2017, a hearing was held on MCISD's plea to the jurisdiction, which the trial court denied. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2017 1st C.S.) (allowing an interlocutory appeal after the grant or denial of a government's plea to the jurisdiction).

## II. CONTRACTUAL ADJUDICATION PROCEDURES

By one issue, MCISD argues that ERO did not plead facts showing that it complied with the contractual adjudication procedures of the contract. Accordingly, the trial court erred by not granting MCISD's plea to the jurisdiction.

## A. Standard of Review and Applicable Law

We review a trial court's ruling on a plea to the jurisdiction de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). When a plea to the jurisdiction challenges jurisdictional facts, we consider the facts alleged by the plaintiff and, "to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties" to determine whether the plaintiff has affirmatively demonstrated the court's jurisdiction to hear the case. *Tex. Nat. Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex. 2001). The process of deciding whether jurisdictional facts have been affirmatively pleaded is similar to a summary judgment: if the evidence does not raise a genuine issue of fact regarding the jurisdictional issue, then the plea to the jurisdiction should be granted. *See Miranda*, 133 S.W.3d at 228.

Section 271.152 of the Texas Local Government Code states one instance in which sovereign immunity may be waived:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152 (West, Westlaw through 2017 1st C.S.). A "contract subject to this subchapter" must: (1) be in writing, (2) state the essential terms, (3) provide for goods or services, (4) to the local governmental entity, and (5) be executed

on behalf of the local governmental entity. TEX. LOC. GOV'T CODE ANN. § 271.151(2) (West, Westlaw through 2017 1st C.S.).

> Adjudication procedures, including requirements for serving notices or engaging in alternative dispute resolution proceedings before bringing a suit or an arbitration proceeding, that are stated in the contract subject to this subchapter or that are established by the local governmental entity and expressly incorporated into the contract or incorporated by reference are enforceable except to the extent those procedures conflict with the terms of this subchapter.

*Id*. § 271.154 (West, Westlaw through 2017 1st C.S.); *see id.* § 311.034 (West, Westlaw through 2017 1st C.S.) ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.").

**B. Discussion**

MCISD contends that its immunity has not been waived because ERO failed to comply with the contractual adjudication procedures as outlined in the contract. *See id*. More specifically, MCISD contends that ERO failed to file its original administrative complaint within ninety days of when it knew or should have known that MCISD breached the contract. Under the contract, payment was due within thirty days of receiving an invoice, meaning the due date for the October 13, 2014 invoice was November 12, 2014. Thus, any alleged breach of the contract occurred on November 12, 2014 when MCISD failed to pay the invoice. Because MCISD did not pay the invoice, it is MCISD's contention that ERO should have filed its complaint within ninety days of November 12, 2014.

ERO claims that its grievance was timely because ERO did not submit its final invoice for payment until September 21, 2015. However, that "invoice" was merely a document created specifically in an attempt to collect the disputed invoices from the prior year. ERO's own business records clearly indicate that the last original invoice for

5

payment was created on October 13, 2014. Therefore, ERO's initial complaint filed in November of 2015 was untimely. Additionally, MCISD's letter to ERO informed ERO that if it did not receive the requested relief in its initial grievance hearing, ERO was allowed to appeal the decision to Level 1. Instead, ERO attempted to appeal straight to Level 2. Thus, in addition to being untimely, ERO did not follow the adjudication procedures in the contract. We conclude that the evidence unequivocally shows that ERO did not complete the contractual adjudication procedures as set forth in the contract.

ERO asserts that even if it untimely filed its first grievance and did not fully comply with the adjudication procedures and deadlines of the contract, MCISD's immunity is still waived because it entered into a written contract with ERO. *See id*. § 271.151. ERO relies heavily on an opinion previously issued by this Court for the proposition that compliance with contract adjudication procedures is not a prerequisite to invoking waiver of immunity. *See Santa Rosa Indep. Sch. Dist. v. Rigney Const. & Dev., LLC*, No. 13-12-00627-CV, 2013 WL 2949566, at *5 (Tex. App.—Corpus Christi Jun. 13, 2013, pet. denied) (mem. op.), *disapproved of by Zachry Const. Corp. v. Port of Houston Auth. of Harris Cty.*, 449 S.W.3d 98, 111, n. 54. (Tex. 2014); *see also* TEX. LOC. GOV'T CODE ANN. § 271.154. However, the Supreme Court of Texas has already renounced a very similar argument made in connection with section 271.153. *See Zachry Const. Corp.*, 449 S.W.3d at 111, n. 54.

In *Zachry*, the court analyzed the Local Government Contract Claims Act (the Act), which encompasses Texas Local Government Code sections 271.151 through 271.160. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151–.160 (West, Westlaw through 2017 1st C.S.). The plaintiff in *Zachry* argued that a party seeking recovery against a local government

entity only needed to show that there was a contract and that the contract met the definitions enumerated under subsection 271.151(2). *See id*. § 271.151(2). Thus, according to the plaintiff, its failure to comply with section 271.153 did not affect the trial court's jurisdiction. *See id*. § 271.153 (listing the types of damages that are recoverable against government entities and which types of damages are prohibited). The Supreme Court of Texas rejected that argument and observed that "[t]he 'subject to the terms and conditions' phrase in section 271.152 incorporates *the other provisions of the Act* to define the scope of its waiver of immunity." *Zachry Const. Corp.*, 449 S.W.3d at 108 (emphasis added); *see* TEX. LOC. GOV'T CODE ANN. § 271.152. The court continued by specifically concluding that "Section 271.153's limitations on recovery are incorporated into Section 271.152 by its last 'subject to' clause and are *thereby conditions on the Act's waiver of immunity*." *Id*. at 109 (emphasis added).

We acknowledge that *Zachry's* specific holding concerned section 271.153; however, we find that the court's reasoning is equally applicable to section 271.154. The court in *Zachry* stated that it was "obvious" that the "terms and conditions" of the Act serve as "limitations on the waiver of immunity." *Id*. at 108. *Zachry's* analysis and conclusion specifically concerned section 271.153, but it is heavily implied that all of the Act's subchapters serve as limitations on the waiver of immunity. For example, in categorizing the sections of the Act, the court in *Zachry* noted that sections 271.156, 271.157, 271.158, and 271.160 dealt specifically with the "scope of immunity," whereas sections 271.153, 271.154, and 271.155 dealt with the "litigation and adjudication of a claim." *Id.* at 107–08. Nevertheless, despite only dealing with the "litigation and adjudication of a claim," the court ultimately held that section 271.153 was a "limitation"

7

on the waiver of immunity and that immunity was not waived for claims that failed to meet the conditions of that section. *See id*. at 109. In other words, a plaintiff must plead damages satisfying section 271.153 to invoke the Act's waiver of immunity. *See id*. The court continued by observing that the Act only waives immunity for contract claims "that meet certain conditions: the existence of a specific type of contract, a demand for certain kinds of damages, a state forum, etc. The waiver does not depend on the outcome, though it does require a showing of a substantial claim that meets the Act's conditions." *Id*. We find the same analysis applicable to section 271.154: even though section 271.154 is only related to "the litigation and adjudication of a claim," it is one of the Act's "conditions," and as such, serves as a limitation on the waiver of immunity. *See id*. Accordingly, to show waiver of immunity, a claimant must plead facts showing that the conditions of section 271.154 have been met. *See id*. at 110.

We note that two of our sister courts have come to a different conclusion regarding section 271.154. *See Tex. Mun. League Intergovernmental Risk Pool v. City of Abilene*, 551 S.W.3d 337, 345 (Tex. App.—Eastland 2018, pet. dism'd); *see also Romulus Grp., Inc. v. City of Dallas*, No. 05-16-00088-CV, 2017 WL 1684631, at *6 (Tex. App.—Dallas May 2, 2017, pet. denied) (mem. op.). For the reasons we discussed above, we disagree with their conclusion that section 271.154 is not a limitation on the Act's waiver of immunity. *Risk Pool* relies on *Romulus*, which in turn still defends the holding in *City of Mesquite v. PKG Contracting, Inc.*, 263 S.W.3d 444, 448 (Tex. App.—Dallas 2008, pet. denied), *disapproved of by Zachry*, 449 S.W.3d at 111, n. 54. However, the court in *Zachry* specifically disapproved of the analysis in both *Santa Rosa*, which is the case ERO heavily relies on in the present case, and *City of Mesquite*, which is a case our Court

8

relied on in *Santa Rosa*. *See Zachry*, 449 S.W.3d at 111, n. 54; *City of Mesquite*, 263 S.W.3d at 448; *Santa Rosa*, 2013 WL 2949566, at *5.

It is true that only section 271.153 was at issue in *Zachry*, not section 271.154. Thus, *Zachry* only directly repudiated *Santa Rosa* and *City of Mesquite* to the extent they concluded that compliance with section 271.153 does not affect waiver of immunity. However, it is important to note that the courts in *Santa Rosa* and *City of Mesquite* used the same analysis that was disapproved of in *Zachry* to conclude that section 271.154 also does not affect waiver of immunity. *See City of Mesquite*, 263 S.W.3d at 448; *Santa Rosa Indep. Sch. Dist.*, 2013 WL 2949566, at *4. For this reason, we find *Zachry* controlling on the proper analysis. *Romulus* and *Risk Pool*, following the reasoning of *City of Mesquite*, would exclude section 271.154 as a condition on the Act's waivers of immunity. *See Risk Pool*, 551 S.W.3d at 345; *Romulus*, 2017 WL 1684631, at *6. In reaching this conclusion, *Romulus* observed that

> The "contractual procedures" language is a reference to section 271.154, which provides for enforcement of contractual adjudication procedure. In other words, the waiver of immunity is not dependent on compliance with section 271.154 as it is for sections 271.157 (no immunity to suit for tort liability), 271.156 (no waiver of immunity to suit in federal court), and 271.153 (limitations on adjudication awards).

*Romulus*, 2017 WL 1684631, at *6. Thus, *Romulus* implies that sections 271.153, 271.156, and 271.157 are the only conditions on the waiver of immunity under the Act. However, *Zachry* stated, "[t]he Act waives immunity for contract claims that meet certain conditions: the existence of a specific type of contract [referring to section 271.157], a demand for certain kinds of damages [referring to section 271.153], a state forum [referring to section 271.156], *etc.*" *Zachry*, 449 S.W.3d at 109 (emphasis added). By adding "etc.," *Zachry* indicated that sections 271.153, 271.156, and 271.157 are not the

9

only conditions on the waiver of immunity. *See id*. In fact, *Zachry* specifically rejected interpretations of section 271.152 that would only incorporate some of, but not all, of the other sections in the Act. *See id*. at 107–08. Just like section 271.153, section 271.154 is incorporated into section 271.152 by its last "subject to" clause; thus, section 271.154 is a "condition[] on the Act's waiver of immunity." *Id*. at 109. And the Act only waives immunity upon a "showing of a substantial claim that meets the Act's conditions." *Id*.

In the present case, the pleadings affirmatively established that the conditions of section 271.154 have not been met. ERO did not timely file its grievance and ERO did not follow the proper adjudication procedures for appealing its untimely grievance. Therefore, we conclude that immunity has not been waived because ERO has not shown a "substantial claim that meets the Act's conditions." *Id*. at 109. We sustain MCISD's sole issue.

## III. CONCLUSION

We reverse the decision of the trial court, render judgment granting MCISD's plea to the jurisdiction, and dismiss the case with prejudice.

NORA L. LONGORIA
Justice

Delivered and filed the
14th day of March, 2019.