

## NUMBER 13-22-00250-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL, | Appellant, |
| v. | |
| CITY OF HIDALGO, | Appellee. |

### On appeal from the 464th District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant Texas Municipal League Intergovernmental Risk Pool (Risk Pool) contends by one issue that the trial court erred by denying its plea to the jurisdiction. In summary, the Risk Pool asserts that it possesses governmental immunity from a breach of contract claim filed by the City of Hidalgo (City) because the City failed to comply with

the adjudicative procedures contained in the parties' contract. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151, 271.154. We affirm.

## I. BACKGROUND

On August 30, 2021, the City filed suit against the Risk Pool after it denied coverage for property damages sustained by one of the City's elevated water towers during Hurricane Hanna. The City filed its lawsuit in the 464th District Court of Hidalgo County. The City alleged that the Risk Pool's immunity from suit was waived by the Texas Local Government Code and that venue was proper in Hidalgo County because the insured property, the water tower, was located there. *See* TEX. LOC. GOV'T CODE ANN.§§ 271.151–.160 (governing the adjudication of claims arising under written contracts with local governmental entities); TEX. CIV. PRAC. & REM. CODE ANN. § 15.032 (stating in relevant part that "suit against fire, marine, or inland insurance companies may . . . be commenced in any county in which the insured property was situated").

According to the City's petition, the Risk Pool is an administrative agency created under the government code that allows local governmental entities to jointly self-insure, and the Risk Pool administers the self-insurance program created by the member governmental entities. The City is a member of the Risk Pool and pays an annual contribution to the Risk Pool in exchange for self-insurance coverage. The City's coverage is governed by its Interlocal Agreement (Agreement), which incorporates by reference the "TML Liability Self-Insurance Plan and/or the TML Property Self-Insurance Plan, Declarations of Coverage, and Endorsements and addenda." The City alleged that the Agreement, along with the property coverage document in effect at the time, the

2

declarations of coverage, and endorsements, constituted an enforceable contract under the terms of the Texas Insurance Code. The City's petition stated that Hurricane Hanna compromised the structural stability of the water tower, creating a risk for health and safety, and the City filed an insurance claim for the property damages sustained to the water tower, but that the Risk Pool denied coverage. The City thus filed suit for breach of the Agreement and invoked its contractual right to appraisal. The City sought damages comprising the "benefit of its bargain," prejudgment and post-judgment interest, and attorney's fees.

On October 14, 2021, the Risk Pool filed a combined pleading comprising a plea to the jurisdiction, motion to dismiss, and original answer. The Risk Pool asserted that it was immune from suit and argued that the local government contract claims act, *see* TEX. LOC. GOV'T CODE ANN.§§ 271.151–.160 (Act), did not waive its immunity because the City failed to comply with a contractual "adjudication procedure" requiring it to pursue litigation only in Travis County, Texas. The applicable property coverage document contains the following provision:

I.    SUIT AGAINST THE FUND

No suit or action on this Agreement for the recovery of any claim shall be sustainable in any court of law or equity unless the Member shall have fully complied with all the requirements of this Agreement and commenced not more than two years after the cause of action accrues. Venue of any dispute or suit arising out of or related to this Agreement shall be exclusively in the state and federal courts of Travis County, Texas.

According to the Risk Pool, this provision is a forum selection clause which constitutes an "adjudication procedure" under the Act. The Risk Pool thus requested dismissal of the City's suit on grounds that it retained governmental immunity due to the City's failure to

3

follow the adjudicative procedures detailed in the Agreement. *See id.* § 271.154.

On April 11, 2022, the City filed a verified response to the Risk Pool's plea to the jurisdiction and motion to dismiss. The Risk Pool filed a reply. On April 12, 2022, the trial court held a non-evidentiary hearing on the Risk Pool's plea to the jurisdiction and motion to dismiss. On May 10, 2022, the trial court denied the Risk Pool's plea to the jurisdiction and motion to dismiss. This appeal ensued. The Risk Pool asserts that the trial court erred by denying its plea to the jurisdiction which invoked its "retained governmental immunity and established that the City failed to comply with the adjudication procedure in the parties' contract requiring that any suit be brought in Travis County, Texas." As will be discussed further, the City filed a responsive brief asserting that the trial court made no such error.

## II. APPELLATE JURISDICTION

As a threshold matter, the City contends that we lack jurisdiction to review the Risk Pool's arguments on appeal. The City acknowledges that this Court would normally have jurisdiction to consider an appeal of the trial court's interlocutory denial of the Risk Pool's plea to the jurisdiction pursuant to Texas Civil Practice and Remedies Code § 51.014(a)(8), which authorizes an appeal from an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit, such as the Risk Pool. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). However, the City alleges that this appeal is "based exclusively upon an unenforceable venue provision in the contract between the parties" and contends that venue rulings are not subject to interlocutory appeal. The City thus argues that the Risk Pool's arguments for reversing the trial court's order denying

4

the Risk Pool's plea to the jurisdiction should not be considered in this appeal.

## A. Applicable Law

"As a general rule, subject only to 'a few mostly statutory exceptions,' parties may only appeal a final judgment." *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 632 (Tex. 2021). The traditional rule that appeals may proceed only from final judgments "ensures issues are decided on a full record, prevents unnecessary delays in the underlying trial, and allows appellate courts to consider all issues in a single round of review." *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 736 (Tex. 2019). Thus, historically, interlocutory appeals were strictly construed as a narrow exception to the general rule that interlocutory orders were not subject to appeal. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see also In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 461 (Tex. 2008) (orig. proceeding) ("Appellate courts cannot afford to grant interlocutory review of every claim that a trial court has made a pre-trial mistake."). Nevertheless, the enactment of the statutory provision at issue, § 51.014, "was driven by the public policy of ensuring the efficient resolution of civil suits in certain Texas courts and making the judicial system more accessible, more efficient, and less costly to all taxpayers." *Sabre Travel Int'l, Ltd.*, 567 S.W.3d at 736 (citing Senate Comm. on State Affairs, Engrossed Bill Analysis, Tex. H.B. 274, 82d Leg., R.S. (2011)). In keeping with this public policy, and "as the statute has expanded," the supreme court has instructed us that our "real goal" in determining the propriety of an interlocutory appeal is simply a "fair" reading of the statutory language that enables the appeal. *Dall. Symphony Ass'n, Inc. v. Reyes*, 571

5

S.W.3d 753, 759 (Tex. 2019).

**B.     Analysis**

Here, the Risk Pool filed a plea to the jurisdiction in which it alleged it was immune from suit based on governmental immunity. The parties presented arguments pertaining to the Risk Pool's governmental immunity, or the lack thereof, and the trial court denied the Risk Pool's plea in an order which expressly states that the trial court "retains jurisdiction" over all claims raised in the City's petition. The Risk Pool did not raise the issue of venue in its plea to the jurisdiction and motion to dismiss and did not file a separate motion to transfer venue. The trial court made no ruling on venue. We conclude that the Risk Pool's appeal of the denial of its plea to the jurisdiction falls squarely and fairly within the statute allowing an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8); *Dall. Symphony Ass'n, Inc.*, 571 S.W.3d at 758. Accordingly, we proceed to address the merits of this appeal.

### III.     STANDARD OF REVIEW

"Governmental units are immune from suit unless immunity is waived by state law." *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). "Because governmental immunity is jurisdictional, it is properly raised through a plea to the jurisdiction, which we review de novo." *Id.*; *see State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). The party bringing suit against a governmental unit bears the burden of affirmatively showing a waiver of immunity. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019). "To determine whether the party has met this burden, we

6

may consider the facts alleged by the plaintiff and the evidence submitted by the parties." *Id.* (citing *Tex. Nat. Res. & Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001)). When a plea to the jurisdiction challenges jurisdictional facts, our review mirrors that of a traditional summary judgment motion. *Maspero*, 640 S.W.3d at 528; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *See Maspero*, 640 S.W.3d at 528–29; *Miranda*, 133 S.W.3d at 228. When the pleadings and evidence generate a "fact question on jurisdiction," dismissal on a plea to the jurisdiction is improper. *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010); *see also Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

## IV.  IMMUNITY

Texas Local Government Code Chapter 271 makes "local governments accountable for their obligations in goods-and-services contracts by granting a limited waiver of immunity for claims brought within the chapter's parameters." *San Antonio River Auth. v. Austin Bridge & Rd., L.P.*, 601 S.W.3d 616, 622–23 (Tex. 2020). Subchapter I of the Act establishes a "framework" for resolving contract disputes involving local governmental entities and private parties. *Id.*; *see* TEX. LOC. GOV'T CODE ANN. §§ 271.151–.160. This subchapter provides a limited waiver of sovereign immunity "for the purpose of adjudicating a claim for breach of [a] contract" against a local governmental entity, *see* TEX. LOC. GOV'T CODE ANN. § 271.151, sets limits on damages for those claims, *see id.* § 271.153 and clarifies that "contractual adjudication procedures" to resolve those

claims are "enforceable." *Id.* § 271.154; *see San Antonio River Auth.*, 601 S.W.3d at 623.

As it pertains to this suit and governmental immunity, § 271.152 of the Texas Local Government Code provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152. This "statute's plain language allows for enforcement of contracts against local governmental entities by waiving their immunity from suit." *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 327 (Tex. 2006); *see also City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011); *Jubilee Acad. Ctr., Inc. v. Sch. Model Support, LLC*, No. 04-21-00237-CV, 2022 WL 1479039, at *3 (Tex. App.—San Antonio May 11, 2022, pet. filed) (mem. op.).

Thus, under this section, a local governmental entity waives sovereign immunity to suit for a breach of contract; however, the waiver of sovereign immunity exists "subject to the terms and conditions" of that subchapter. *Zachry Const. Corp. v. Port of Hous. Auth. of Harris Cnty.*, 449 S.W.3d 98, 108 (Tex. 2014); *see* TEX. LOC. GOV'T CODE ANN. § 271.152. Stated otherwise, the "provisions of the Act [are] limitations on the waiver of immunity." *Zachry Const. Corp.*, 449 S.W.3d at 108; *see Mission Consol. Indep. Sch. Dist. v. ERO Int'l, LLP*, 579 S.W.3d 123, 126–27 (Tex. App.—Corpus Christi–Edinburg 2019, no pet.); *see also San Jacinto River Auth. v. City of Conroe*, No. 09-20-00180-CV, 2022 WL 1177645, at *8 (Tex. App.—Beaumont Apr. 21, 2022, pet. filed) (mem. op.); *Tex. Mun.*

*League Intergovernmental Risk Pool v. City of Hidalgo*, No. 13-19-00096-CV, 2020 WL 1181251, at *11 (Tex. App.—Corpus Christi–Edinburg Mar. 12, 2020, no pet.) (mem. op.).

The dispute between the Risk Pool and the City concerns "adjudication procedures" as contemplated by § 271.154 of the Act:

> Adjudication procedures, including requirements for serving notices or engaging in alternative dispute resolution proceedings before bringing a suit or an arbitration proceeding, that are stated in the contract subject to this subchapter or that are established by the local governmental entity and expressly incorporated into the contract or incorporated by reference are enforceable except to the extent those procedures conflict with the terms of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.154; *see* TEX. GOV'T CODE ANN. § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). Under the Act, the "adjudication" of a claim "means the bringing of a civil suit and prosecution to final judgment in county or state court and includes the bringing of an authorized arbitration proceeding and prosecution to final resolution *in accordance with any mandatory procedures established in the contract* subject to this subchapter for the arbitration proceedings." TEX. LOC. GOV'T CODE ANN. § 271.151 (emphasis added). Thus, "to show [a] waiver of immunity, a claimant must plead facts showing that the conditions of [§] 271.154 have been met." *Mission Consol. Indep. Sch. Dist*, 579 S.W.3d at 128[1]; *see also San Jacinto River Auth.*, 2022 WL

---

[1] In *Mission Consolidated Independent School District v. ERO International, LLP*, 579 S.W.3d 123, 128 (Tex. App.—Corpus Christi–Edinburg 2019, no pet.), we noted that two of our sister courts had come to a different conclusion regarding the proper application of § 271.154. *See id.* (citing *Tex. Mun. League Intergovernmental Risk Pool v. City of Abilene*, 551 S.W.3d 337, 345 (Tex. App.—Eastland 2018, pet. dism'd) and *Romulus Grp., Inc. v. City of Dall.*, No. 05-16-00088-CV, 2017 WL 1684631, at *6 (Tex. App.—Dallas May 2, 2017, pet. denied) (mem. op.)). However, we disagreed with their conclusion that § 271.154 does not provide a limitation on the Act's waiver of immunity. *See Mission Consol. Indep. Sch. Dist.*, 579 S.W.3d at 128. We see no reason to depart from our precedent in this case.

1177645, at \*8 ("Applying *Zachry*'s reasoning here, we conclude that [§] 271.152's waiver is limited by [§] 271.154."); *Tex. Mun. League Intergovernmental Risk Pool*, 2020 WL 1181251, at \*11 (concluding that contractual adjudication procedures may be waived).

## V. ANALYSIS

By one issue, the Risk Pool contends that the trial court erred when it denied the plea to the jurisdiction which "established" that the City failed to comply with the adjudication procedure in the parties' contract requiring that any suit be brought in Travis County, Texas. As stated previously, the Risk Pool contends that its immunity has not been waived because the City failed to comply with the contractual adjudication procedures as outlined in the contract. *See* TEX. LOC. GOV'T CODE ANN. § 271.154. According to the Risk Pool, the City should have sued it in the state and federal courts of Travis County, Texas.

In response, the City asserts that: (1) the provision in the property coverage document constitutes a venue selection provision and not a forum selection clause because the provision is limited to a county within the state of Texas; (2) the venue selection provision in the contract is not enforceable under Texas law; (3) contractual adjudication procedures are not enforceable if they conflict with other statutory provisions, such as the statutory provision that preserves defenses for parties to a contract; and (4) the Risk Pool waived any objection by failing to file a motion to transfer venue. We first address whether the City failed to comply with the adjudication procedure contained in the Agreement requiring that any suit be filed in Travis County, Texas. We begin by addressing the City's first three contentions, which focus on the concept that the property

10

coverage document contains a venue selection provision rather than a forum selection clause. We examine the distinctions between the two and the ramifications on the Risk Pool's contentions.

Forum selection clauses are contractual arrangements whereby parties agree in advance to submit their disputes for resolution within a particular jurisdiction. *See Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 436 (Tex. 2017). Forum selection clauses are generally enforceable and are presumptively valid. *See Rieder v. Woods*, 603 S.W.3d 86, 93 (Tex. 2020); *Pinto Tech. Ventures*, 526 S.W.3d at 436. Forum selection clauses are enforced through a motion to dismiss. *Young v. Valt.X Holdings, Inc.*, 336 S.W.3d 258, 261 (Tex. App.—Austin 2010, pet. dism'd); *Ramsay v. Tex. Trading Co.*, 254 S.W.3d 620, 626 (Tex. App.—Texarkana 2008, pet. denied).

In contrast, venue refers to a "geographic location within the forum where [a] case may be tried." *In re Fox River Real Estate Holdings, Inc.*, 596 S.W.3d 759, 762 (Tex. 2020) (orig. proceeding) (quoting *Cantu v. Howard S. Grossman, P.A.*, 251 S.W.3d 731, 734 (Tex. App.—Houston [14th Dist.] 2008, pet. denied)). Under our statutory venue scheme, venue may be proper in many different locations. *In re Fox River Real Estate Holdings, Inc.*, 596 S.W.3d at 762. Plaintiffs have the first choice in determining where to file a lawsuit, but when that choice is properly challenged, the trial court must transfer venue if the plaintiff fails to establish venue is maintainable in the county of suit. *Id.*; *see Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994). Venue must be challenged by a motion to transfer filed before or concurrently with the defendant's answer. *See* TEX. R. CIV. P. 86(2); TEX. CIV. PRAC. & REM. CODE ANN. § 15.063. Absent a

11

timely filed motion to transfer venue, the defendant's objection to improper venue is waived. TEX. R. CIV. P. 86(1); *Adame v. State Farm Lloyds*, 506 S.W.3d 96, 100 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied).

As relevant to this case, venue selection cannot be the subject of a private contract unless authorized by statute. *See Hiles v. Arnie & Co., P.C.*, 402 S.W.3d 820, 828 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *In re Great Lakes Dredge & Dock Co. L.L.C.*, 251 S.W.3d 68, 73-74 (Tex. App.—Corpus Christi–Edinburg 2008, orig. proceeding); *Fleming v. Ahumada*, 193 S.W.3d 704, 712–13 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.); *see also In re New Braunfels Am. Motorcycles, Ltd.*, No. 03-20-00285-CV, 2020 WL 2989135, at *1 (Tex. App.—Austin June 2, 2020, orig. proceeding) (mem. op.); *Casa De La Valvula S.A. Casaval S.A. v. Bray Int'l, Inc.*, No. 01-21-00143-CV, 2022 WL 1572040, at *11 (Tex. App.—Houston [1st Dist.] May 19, 2022, no pet.) (mem. op). For example, a written agreement specifying venue is enforceable if the suit at issue arises out of a "major transaction" worth over one million dollars because such a provision is expressly authorized by the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.020. Venue provisions that are not supported by statutory authority are unenforceable. *See Hiles*, 402 S.W.3d at 828.

The City argues that the provision at issue is void and unenforceable for this reason. In support of this assertion, the City argues that the provision in the property coverage document mentions only "venue" and does not use the term "forum selection." Moreover, the provision does not require suit in another state or jurisdiction, but rather requires suit in a different county and geographic region within the State of Texas. The

provision at issue states, in relevant part: "Venue of any dispute or suit arising out of or related to this Agreement shall be exclusively in the state and federal courts of Travis County, Texas."

Our Court has expressly addressed the difference between a forum selection clause and a venue selection clause. *See In re Great Lakes Dredge & Dock Co. L.L.C.*, 251 S.W.3d at 73–74. As a threshold matter, "forum" and "venue" are not interchangeable terms. *Id.* at 73. "'Forum' generally refers to a sovereign or a state," and "'venue' refers to the county in which suit is proper within the forum state." *Id.* "Thus, a 'forum'-selection agreement is one that chooses another state or sovereign as the location for trial, whereas a 'venue'-selection agreement chooses a particular county or court within that state or sovereign." *Id.* at 73–74. This analysis comports with that applied by our sister courts. *See, e.g.*, *In re Brown*, 441 S.W.3d 405, 408 (Tex. App.—Dallas 2013, orig. proceeding); *Ramsay v. Tex. Trading Co.*, 254 S.W.3d 620, 627 (Tex. App.—Texarkana 2008, pet. denied). Sometimes, however, "not all agreements can be neatly labeled as selecting either a forum or a venue," and "[s]ome agreements select both." *In re OSG Ship Mgmt., Inc.*, 514 S.W.3d 331, 337 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding).

The Risk Pool argues that the clause at issue constitutes a forum selection clause rather than a prohibited venue selection clause and that cases which have refused to enforce "intrastate" forum selection clauses do not reflect current Texas law:

> The notion that parties should not be permitted to exercise their right to contract and agree upon the forum for adjudicating their disputes was a misstep in jurisprudence in the early 20th century that has long since been corrected; the case law cited by the City for the proposition that intrastate forum-selection clauses are unenforceable as "venue selection" provisions simply reflects antiquated law that has since been disapproved.

13

The Risk Pool cites cases favoring the enforceability of forum selection clauses and argues that "[n]o public policy justification exists for refusing to enforce intrastate forum selection clauses." *See, e.g.*, *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 675 (Tex. 2009) (orig. proceeding) (stating that forum selection clauses are "generally enforceable"); *In re AIU Ins.*, 148 S.W.3d 109, 113 (Tex. 2004) (orig. proceeding) (discussing the "heavy" burden of proof" for the party claiming that a forum selection clause should not be enforced). However, the Risk Pool neither addresses nor distinguishes those cases cited above regarding the interpretation and construction of a forum selection clause versus a venue selection clause.

Here, the clause at issue expressly references venue, provides that venue lies "exclusively in the state and federal courts of Travis County, Texas," and that Texas is the forum state. We conclude that this provision is not a forum selection clause, but rather constitutes a venue selection clause. *See In re Brown*, 441 S.W.3d at 408; *Ramsay*, 254 S.W.3d at 627; *In re Great Lakes Dredge & Dock Co. L.L.C.*, 251 S.W.3d at 73–74. Because there is no statute providing that a venue selection clause is enforceable in this context, the clause at issue in this case is unenforceable. *See Hiles*, 402 S.W.3d art 828. For this reason, we further conclude that the Risk Pool's contention that the City failed to comply with the adjudicative procedures specified in the parties' contract is without merit. Specifically, "[a]djudication procedures . . . are enforceable except to the extent those procedures conflict with the terms of this subchapter." *See* TEX. LOC. GOV'T CODE ANN. § 271.154. And "[t]his subchapter does not waive a defense . . . available to a party to a contract." *Id.* § 271.155. Thus, the City retains its defense asserting that the clause at

14

issue constitutes an unenforceable venue provision. *Id.* § 271.155; *see also City of Corpus Christi v. Graham Constr. Servs., Inc.*, No. 13-19-00367-CV, 2020 WL 3478661, at *4 (Tex. App.—Corpus Christi–Edinburg June 25, 2020, pet. denied) (mem. op.) (disagreeing that § 271.154 allows government entities to enforce contractual requirements that would otherwise be void"). In short, the City did not fail to comply with an enforceable contractual adjudication procedure; therefore, § 271.154 does not preclude the waiver of immunity in this case. The trial court did not err in denying the Risk Pool's plea to the jurisdiction. We overrule the Risk Pool's sole issue.

## VI.    CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed on the
25th day of August, 2022.

15